# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 94-60669
## Summary Calendar
_____

BILLY RAY JOHNSON,

Plaintiff-Appellant,

versus

J. BALLARD, Unit Health Administrator, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-93-CA-425)
_____

(October 12, 1995)

Before JOLLY, JONES and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Petitioner Billy Ray Johnson (Johnson), a Texas prisoner, appeals the district court's dismissal of his complaint, purportedly pursuant to 42 U.S.C. § 1983 (§ 1983), that the prison's medical supervisors were deliberately indifferent to his serious physical afflictions. Because the district court did not abuse its discretion when it dismissed this complaint as frivolous, this court affirms.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

## I.  FACTUAL BACKGROUND

In September of 1993, Johnson began experiencing difficulty and discomfort when urinating.  He submitted three sick call requests during that month and a fourth in October.  Medical personnel at McConnell Prison, where Johnson was imprisoned, responded to these sick calls with periodic examinations of Johnson.  For instance, shortly after his first sick call request, prison nurses took a urine sample, analyzed it, and gave Johnson an over-the-counter medication to ease his discomfort.  While these periodic examinations continued into early October, Johnson's condition worsened, prompting the prison's medical staff to administer two different over-the-counter medicines.  Neither of the medicines improved Johnson's condition and on October 16, 1993, the prison infirmary unsuccessfully attempted to catheterize Johnson and drain his urine.  As a result, he was taken to Bee County Regional Center, where doctors performed this procedure successfully, draining the urine from his system.

Johnson filed his complaint, purportedly pursuant to § 1983, and the district court conducted a *Spears* hearing.[1]  After testimony from Johnson and the medical director of McConnell Prison, the district court dismissed the suit as frivolous under 28 U.S.C. § 1915(d) (§ 1915(d)).

## II.  DISCUSSION

This court will vacate a district court's dismissal of a claim as frivolous under § 1915(d) only if the court abused its

---

[1]    *See Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

discretion.  *Booker v. Koonce,* 2 F.3d 114, 115 (5th Cir. 1993).  An in forma pauperis complaint may be dismissed as frivolous under § 1915(d) if it lacks an arguable basis in law or fact.  *Id.*

In order to merit relief under § 1983, the prisoner must prove that his allegedly inadequate medical care was prompted by deliberate indifference to his serious medical needs.  *Estelle v. Gamble,* 429 U.S. 97, 104-05, 97 S. Ct. 285, 291 (1976); *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995).  The Supreme Court has recently instructed that the appropriate definition of deliberate indifference under the Eighth Amendment is akin to the standard of "subjective recklessness as used in the criminal law."  *Farmer v. Brennan,* ___ U.S. ___, 114 S. Ct. 1970, 1980 (1994).  *See also, Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994).  Specifically,

> a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer,* 114 S. Ct. at 1979.

The facts alleged by Johnson do not demonstrate deliberate indifference to his medical condition.  Rather, as the district court correctly observed, even assuming his allegations are true, Johnson's claims prove that his treatment was at worst, negligent.  However, mere negligence will not suffice to support a claim of deliberate indifference.  *See Mendoza v. Lynaugh,* 989 F.2d 191, 193 (5th Cir. 1993); *Jackson v. Cain,* 864 F.2d 1235, 1246 (5th Cir. 1989).

3

Finally, Johnson moves to have counsel appointed to aid his appeal in this court. Because his case does not present the "exceptional circumstances" which would warrant the appointment of counsel, his motion is denied. *See Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982).

### III. CONCLUSION

Because the district court did not abuse its discretion when it dismissed Johnson's complaint as frivolous, its judgment is **AFFIRMED**. Further, Johnson's motion for appointed counsel is **DENIED**.